TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00533-CR






Rene Soto Hernandez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 3030517, HONORABLE JON N. WISSER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Rene Soto Hernandez was tried for murder and convicted of the lesser
included offense of manslaughter. See Tex. Pen. Code Ann. § 19.04 (West 2003). The court
assessed punishment at nineteen years' imprisonment.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969).

Appellant filed a pro se brief. In it, he challenges the legal and factual sufficiency of
the evidence, asserts charge error, and complains of the district court's failure to hold a second
punishment hearing.

Appellant testified that he and his brother, Joshua Brown, went to the apartment
shared by Robert Berry and James Davis to collect $100 they believed Berry had stolen from their
mother. According to appellant, Berry met them at the door and said he had no intention of returning
the money. Words were exchanged, and Berry hit appellant with his fist. Appellant began to strike
Berry, who fell to the ground. Appellant kicked Berry several times, then Brown slammed Berry's
head on the ground twice. According to appellant, Brown wanted to shoot Berry, but was restrained
by appellant. Appellant and Brown then left. Appellant testified that he considered the fight to be
a "normal" one and had no idea that Berry had been seriously injured until he read of his death in
the newspaper.

Davis witnessed the assault and testified for the State. He said that appellant threw
the first punch, causing Berry to fall. Appellant then stomped and kicked Berry's head for thirty to
forty-five seconds while Brown held him down. Berry was unconscious and gasping for air when
the assault ended. Berry later died in the hospital from brain injuries sustained in the beating.

When there is a challenge to the sufficiency of the evidence to sustain a criminal
conviction, the question presented is whether a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979)
(legal sufficiency); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal
sufficiency); Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). 
In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict;
it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew
reasonable inferences in a manner that supports the verdict. Griffin, 614 S.W.2d at 159 (citing
Jackson, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. Orona v.
State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). Although due deference still must
be accorded the fact finder's determinations, particularly those concerning the weight and credibility
of the evidence, the reviewing court may disagree with the result in order to prevent a manifest
injustice. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed
factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary
evidence is too strong to support a finding of guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d
at 484-85; see Johnson, 23 S.W.3d at 11.

Appellant argues that the evidence does not support the jury's finding that he acted
recklessly, that is, that he consciously disregarded a substantial and unjustifiable risk that his actions
would cause Berry's death. See Tex. Pen. Code Ann. § 6.03(c) (West 2003). He asserts that, at
most, the evidence supports a finding of criminal negligence. We disagree. Applying the
appropriate standards of review, we hold that the evidence is legally and factually sufficient to
support the jury's determination that appellant, acting alone or as a party with Brown, recklessly
caused Berry's death. Pro se points of error one and two are overruled.

Appellant contends the trial court should have instructed the jury on the lesser
included offense of negligent homicide. See id. § 19.05. Appellant did not request such an
instruction. No error is presented. See Posey v. State, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998). 
Pro se point of error four is overruled.

Finally, appellant claims that he was denied his right to a fair and impartial judge
when the trial court refused to conduct a new punishment hearing for the purpose of hearing
mitigating evidence. This appears to be a reference to the amended motion for new trial filed by his
original counsel on appeal, one ground for which was trial counsel's failure to offer mitigating
evidence at the punishment stage. The motion was not supported by affidavit, and there is nothing
in the record before us to suggest that there was any mitigating evidence to offer. Pro se point of
error three is overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing
in the record that might arguably support the appeal. 

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: October 14, 2005

Do Not Publish